UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRIS L. JONES,

    Petitioner,

v.                                     Case No.  3:12cv536/LC/CJK

SECRETARY DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 23).  Petitioner did not reply, although invited to do so.  (Doc. 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of the issue raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that  petitioner's claim is procedurally defaulted, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On May 27, 2009, petitioner was charged in Escambia County Circuit Court Case Number 09-CF-2136 with one count of Robbery Armed with a Firearm (Count 1), one count of Aggravated Assault by Threat with a Firearm (Count 2), one count of Possession of a Firearm by a Convicted Delinquent Under 24 Years of Age (Count 3), three counts of Aggravated Assault on a Law Enforcement Officer with a Firearm (Counts 4-6) and two counts of Possession of a Controlled Substance (Counts 7-8). (Doc. 23, Ex. A).[1]  On June 29, 2009, petitioner was charged in Escambia County Circuit Court Case Number 09-CF-2672 with one count of Burglary of an Unoccupied Conveyance (Count 1), one count of Grand Theft (Count 2) and one count of Criminal Mischief (Count 3). (Ex. B).

In Case No. 09-CF-2136, petitioner entered a counseled no contest plea to Count 3 and proceeded to a jury trial on the remaining counts. (Ex. F). The jury found petitioner guilty as charged on the remaining counts (Counts 1, 2 and 4-8). (Ex. D). In Case No. 09-CF-2672, petitioner entered a counseled no contest plea to all counts as charged. (Ex. F).

By judgment and sentence rendered July 14, 2010, petitioner was adjudicated guilty on all counts in Case No. 09-CF-2136, and sentenced to a total term of 10 years in prison followed by 36 months of probation. (Ex. F). By the same judgment, petitioner was adjudicated guilty on all counts in Case No. 09-CF-2672, and sentenced to a total term of 94.2 months in prison, to run concurrent with Count 1 in Case No. 09-CF-2136. (Ex. F). Petitioner's judgment of conviction was affirmed

---

[1]Hereafter, all references to exhibits are to those provided at Doc. 23, unless otherwise noted.

on direct appeal on October 10, 2011, per curiam and without a written opinion. *Jones v. State*, 71 So. 3d 120 (Fla. 1st DCA 2011) (copy at Ex. I).

Petitioner filed his federal habeas petition in this court on November 4, 2012. (Doc. 1). The petition raises one ground for relief: "Trial Court Deprived Petitioner Of His Due Process Rights To A Fair Trial By Allowing Highly Prejudicial Evidence Of The Case, That Does Not Support The Genuine Material Fact That[']s In Dispute, Is A Constitutional Violation." (Doc. 1, p. 4). Petitioner argues the following in support of this claim:

> This Constitutional Error Cannot Be Deemed Harmless, Where The Undue Prejudicial Error Of Irrelevant Testimony Was Not Relevant To The Genuine Material Fact Of Issue At Fact, Whereas The Mistrial Should Have Been Granted To Avoid A Miscarriage Of Justice. Petitioner Has A Constitutional Right To Fair Trial, To Be Deprived Of That Right Along With Life And Liberty Is A Due Process Violation As Well As Abuse Of Discretion.

(Doc. 1, p. 4). Respondent asserts a procedural default defense, arguing that petitioner never presented this federal claim in the state courts. (Doc. 23, pp. 7-11). Respondent reserves the right to address the merits if this defense is rejected. (Doc. 23, p. 1).

## EXHAUSTION AND PROCEDURAL DEFAULT

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct'

---

[2]Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. The petitioner must "fairly present" his federal claim in each appropriate state court to provide the State with the requisite opportunity. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004). This can be done by "indicat[ing] the federal law basis for [a] claim in a state-court petition or brief." *Id.* at 32, 124 S. Ct. 1347.

A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were

---

      (A)  the applicant has exhausted the remedies available in the courts of the State; or

      (B) (i)  there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

never presented to the state courts). A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Petitioner's claim involves the following exchange during defense counsel's cross-examination of Mr. Parker, the victim of the armed robbery and aggravated assault:

> Q [Defense counsel]: What we are clear about, sir . . . and correct me if I am wrong, is that the maintenance man told you that Mr. Jones carried a chrome gun and that Mr. Hicks [petitioner's co-defendant] carried a .380?

A [Mr. Parker]; Yeah. I probably told you that because he [the maintenance man] said that he [petitioner] pulled the guns on him one time, and tried to rob him and --

Q: And that's what you told the police?

A: No. I told the police that they robbed me.

Q: Right, okay. But you told the police what type of gun they had?

A: Yes.

(Ex. C, pp. 98-99). After re-direct by the State, defense counsel requested a bench conference and moved for a mistrial:

> MR. SMILEY [Defense Counsel]: Your Honor, I did not make a big deal about it at the time, but when I asked Mr. Parker a question he was very – it was non responsive and he mentioned that he said they tried to rob him, too. I don't know if the jury caught that or not, but I think out of an abundance of caution I just make a motion that I think that is highly prejudicial to my client, the fact that he mentioned that they said that they tried to rob him, also.
>
> MR. GIRAUD [Prosecutor]: That's not evidence in trial, Judge. They opened the door and asked him the question about what the other guy was talking about, so they opened the door.
>
> THE COURT: And I understand that what the argument that you just made. What relief were you seeking?
>
> MR. SMILEY: I was seeking to have a mistrial, Judge.
>
> THE COURT: All right. Then the record is made. Based upon Mr. Giraud's argument, it's denied.

(Ex. C, pp. 101-02). Defense counsel asserted in his motion for mistrial that Mr. Parker's statement was "highly prejudicial", but that did not put the trial court on notice that petitioner was raising a federal due process claim.

On direct appeal, petitioner captioned his claim as follows: "THE TRIAL COURT [ERRED] IN DENYING MR. JONES' MOTION FOR MISTRIAL BASED UPON INADMISSIBLE AND HIGHLY PREJUDICIAL COLLATERAL CRIME EVIDENCE WHEN MR. PARKER TESTIFIED TO MR. JONES' ALLEGED ATTEMPTED ARMED ROBBERY OF THE MAINTENANCE MAN." (Doc. 23, Ex. H, pp. 15, 16). Petitioner's substantive argument addressed Florida law, with the bulk of it consisting of petitioner's attempt to analogize his case to *Czubak v. State*, 570 So. 2d 925, 926-928 (Fla. 1990), and *Harris v. State*, 34 So. 3d 187 (Fla. 1st DCA 2010), both of which rejected the State's argument of "invited error" and held that admission of the collateral crime evidence was not harmless under Florida's harmless error test. Petitioner did not cite in conjunction with his claim a federal source of law on which he relied, nor did he label the claim "federal" or otherwise indicate a federal law basis for his claim. Petitioner made not even a passing reference to due process, fundamental fairness, a fair trial, federal law, or the United States Constitution. Similarly, petitioner did not cite a single federal case, and the state cases petitioner cited did not cite to, or decide the claim on, federal grounds. The state cases on which petitioner relied were resolved on state law grounds, namely, *Williams v. State*, 110 So.2d 654 (Fla. 1959) (holding that "evidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion.") (codified at Fla. Stat. § 90.404(2)(a)), and Florida's

harmless error test. *Czubak*, 570 So. 2d at 928; *Harris*, 34 So. 3d at 190-91. Petitioner concluded by arguing that "the error is not harmless because there is a reasonable probability that the improper collateral crimes evidence influenced the verdict of the jury." (Ex. H, p. 19). Petitioner did not argue the federal due process standard: that the evidentiary ruling "so infused the trial with unfairness as to deny due process of law." *Lisenba v. California*, 314 U.S. 219, 228, 62 S. Ct. 280, 86 L. Ed. 166 (1941); *see Estelle v. McGuire*, 502 U.S. 62, 75, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (reiterating the due process standard applicable to state-court evidentiary rulings). The state appellate court summarily affirmed petitioner's judgment of conviction without explanation.

Petitioner did not "fairly present" his federal due process claim in the state courts. *Compare McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005) (holding that petitioner did not fairly present in state court his federal due process challenge to the jury's consideration of extraneous evidence; explaining: "McNair never cited any United States Supreme Court or federal appellate court case dealing with extraneous evidence, nor did he mention the presumption of prejudice that arises under federal law when jurors consider such evidence. Instead, he relied on state law opinions to argue a state law claim under a state law standard, citing a lone federal district court opinion (which itself did not mention the federal presumption of prejudice) only as part of a string citation illustrating various courts' holdings with respect to extraneous evidence in the jury room."), *and Correll v. Sec'y, Dep't of Corr.*, 932 F. Supp. 2d 1257, 1274-75 (M.D. Fla. 2013) (holding that petitioner procedurally defaulted federal habeas claim regarding state trial court's admission of collateral crime evidence; on direct appeal, petitioner argued only that the evidence violated Florida's

*Williams* rule, and petitioner failed to alert the state court that admitting the testimony about the earlier incident violated a constitutional right), *and Link v. Tucker*, 870 F. Supp. 2d 1309, 1324 (N.D. Fla. 2012) (holding that petitioner procedurally defaulted federal habeas claim regarding state trial court's admission of witness's allegedly irrelevant testimony; on direct appeal, petitioner cited only Florida cases and no federal source of law in support of his claim of trial court error), *with Taylor v. Sec'y, Fla. Dep't of Corr.*, 760 F.3d 1284, 1295 (11th Cir. 2014) (holding that petitioner fairly presented in state court his claim that the trial court denied him the federal due process right to present a defense by excluding testimony of the victim's sisters, where on direct appeal petitioner averred he was entitled to introduce testimony under the Sixth Amendment and twice cited a relevant Supreme Court decision); *and Kitchen v. Sec'y, Fla. Dep't of Corr.*, 571 F. App'x 930, 931 (11th Cir. July 11, 2014) (holding that petitioner fairly presented in state court his claim that inadequacies in the translation of the trial proceeding violated federal due process, where petitioner's state court pleadings: (1) cited a federal case to establish that inadequacies in the translation of trial proceedings can violate federal due process if they render a trial "fundamentally unfair", (2) cited cases from states other then Florida, indicating he was not basing his claim solely on Florida law and (3) cited a federal case in conjunction with his argument that the inadequate translation violated "the very foundation of due process and a fair trial as guaranteed by the United States Constitution.").

Petitioner is now barred by state procedural rules from returning to state court to present the federal constitutional nature of his claim. *See Hall v. State*, 823 So. 2d 757, 763 (Fla. 2002) ("[A]n issue not raised in an initial brief is deemed abandoned");

Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). As further relief is not available in the state courts, petitioner's claim is considered procedurally defaulted. Petitioner declined to respond to respondent's procedural default argument, and has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of his claim.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Demertis Lakese Jones*, Escambia County, Florida, Circuit Court Case Numbers 09-CF-2136 and 09-CF-2672, be DENIED, and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 11th day of December, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).